KNOLL, J.,
concurs.
hi concur in the recall of the Order dated October 24, 2008 granting this writ application and concur in the denial of this writ, with the following observations. Because the Louisiana State Board of Practical Nurse Examiners (“Board”) met in executive session to review the Hearing Officer’s findings of fact and recommendation regarding disciplinary proceedings for Ms. Sandifer’s refusal to submit to a drug screen, the district court voided the Board’s action of placing Ms. Sandifer on probation and enjoined any further action by the Board enforcing the penalties it imposed. Although La.Rev.Stat. Ann. 42:6.1(A)(1) (West 2008) provides that a person in Ms. Sandifer’s position may require that such discussion be held at an open meeting, that this provision is to be construed liberally, La.Rev.Stat. 42:4.1, and any action taken in violation shall be voidable, La.Rev.Stat. 42:9, this purely technical violation of meeting in executive session in which the plaintiff can show no harm thereby should not result in voiding the disciplinary action against plaintiff. Plaintiff refused to take a drug screen required by her employer during an investigation of missing narcotics. She admitted she refused the drug screen because she had “accepted” marijuana while on vacation.
Athough we are constrained by the statutes as presently written to agree with *547 |2the lower courts that the Board’s refusal to hold an open meeting while deliberating the disciplinary proceeding filed against the plaintiff shall void the action taken by the Board, I find that under these circumstances the plaintiff should have had to show harm or prejudice before being granted such extraordinary relief. Plaintiff admitted she accepted marijuana and she elected to resign from her position at the nursing home where she was employed when she refused to submit to the drug screen. Moreover, the Board did not suspend or revoke her license, but placed her on probation. The circumstances of this case have congested the judicial dockets for a harmless technical violation. However, this is a matter for the legislature to address, as the judiciary cannot, under the guise of interpretation, assume legislative functions. State v. Vallery, 212 La. 1095, 1099, 34 So.2d 329, 331 (1948); La. Const. art. 2, § 2.